Benjamin K. Riley (112007)
Jayne Laiprasert (256930)
**HOWREY LLP**
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Defendant
WASHINGTON MUTUAL BANK

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ACTUATE CORPORATION, a Delaware corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>WASHINGTON MUTUAL BANK, a Washington corporation,<br><br>            Defendant. | Case No. CV 08-2918 SI<br><br>**WASHINGTON MUTUAL'S ANSWER TO COMPLAINT FOR BREACH OF CONTRACT AND COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:  Hon. Susan Illston |

**HOWREY LLP**

Case No. CV 08-2918 SI
WASHINGTON MUTUAL'S ANSWER TO COMPLAINT

DM_US:21370297_4

Defendant Washington Mutual Bank ("Washington Mutual") hereby answers the allegations set forth in the Complaint For Breach Of Contract And Copyright Infringement ("Complaint"), filed by Plaintiff Actuate Corporation ("Actuate") on June 11, 2008, as follows:

## PARTIES

1. Washington Mutual lacks information sufficient to admit or deny the allegations set forth in paragraph 1 of the Complaint and therefore denies each and every such allegation.

2. Washington Mutual admits that Washington Mutual Bank is a subsidiary of Washington Mutual, Inc. Except as expressly so admitted, Washington Mutual denies the allegations set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Washington Mutual admits that Actuate has brought a purported copyright infringement claim, thereby establishing subject matter jurisdiction with this Court pursuant to 28 U.S.C. §§ 1331 and 1367, that the breach of contract claim is related to the copyright infringement claim, and that jurisdiction is also proper under 28 U.S.C. § 1332, since Actuate alleges that this matter raises a controversy between citizens of different states with the alleged amount of the controversy in excess of $75,000. Except as expressly so admitted, Washington Mutual denies the allegations set forth in paragraph 3 of the Complaint.

4. Washington Mutual admits the allegations set forth in paragraph 4 of the Complaint.

## GENERAL ALLEGATIONS

5. Washington Mutual lacks information sufficient to admit or deny the allegations set forth in paragraph 5 of the Complaint and therefore denies each and every such allegation.

6. Washington Mutual lacks information sufficient to admit or deny the allegations set forth in paragraph 6 of the Complaint and therefore denies each and every such allegation.

7. Washington Mutual lacks information sufficient to admit or deny the allegations set forth in paragraph 7 of the Complaint and therefore denies each and every such allegation.

8. Washington Mutual admits that in or about 2001, it entered into a software license with Actuate, but except as expressly so admitted, denies the allegations set forth in paragraph 8 of the Complaint.

9. Washington Mutual admits that on or about October 13, 2004, its representative signed a copy of Actuate's Purchase Authorization Letter relating to the license of Actuate's iServer with eReport Option, eSpreadsheet Option and Developer Pack software, and that a copy of the Purchase Authorization Letter is attached as Exhibit A to the Complaint. Except as expressly so admitted, Washington Mutual denies the allegations set forth in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint purports to quote a portion of the Purchase Authorization Letter, which document is the best evidence of what it sets forth. To the extent Actuate fails to accurately quote or represent the contents of the Purchase Authorization Letter, Washington Mutual denies such allegations.

11. Paragraph 11 of the Complaint purports to summarize a portion of the Purchase Authorization Letter, which document is the best evidence of what it sets forth. To the extent Actuate fails to accurately represent the contents of the Purchase Authorization Letter, Washington Mutual denies such allegations.

12. Paragraph 12 of the Complaint purports to quote a portion of the Purchase Authorization Letter, which document is the best evidence of what it sets forth. To the extent Actuate fails to accurately quote or represent the contents of the Purchase Authorization Letter, Washington Mutual denies such allegations.

13. Paragraph 13 of the Complaint purports to quote a portion of the Purchase Authorization Letter, which document is the best evidence of what it sets forth. To the extent Actuate fails to accurately quote or represent the contents of the Purchase Authorization Letter, Washington Mutual denies such allegations.

14. Washington Mutual admits that Actuate provided it with copies of its software, and that a copy of a click-wrap license agreement is attached as Exhibit B to the Complaint, which purports to define the terms "Named User" and "Named Developer" in a similar manner to the definitions set forth

HOWREY LLP

-2-
Case No. CV 08-2918 SI
WASHINGTON MUTUAL'S ANSWER TO COMPLAINT

DM_US:21370297_4

in the Purchase Authorization Letter. Washington Mutual lacks information sufficient to admit or deny the allegations set forth in the second and third sentences of paragraph 14 of the Complaint and therefore denies each and every such allegation. Except as expressly so admitted, Washington Mutual denies the allegations set forth in paragraph 14 of the Complaint.

15. Washington Mutual denies the allegations set forth in paragraph 15 of the Complaint.

16. Washington Mutual admits that between 2004 and mid-2007, it had contact with Actuate about the license, and that in response to such contact, Actuate referred Washington Mutual to the words used in the Purchase Authorization Letter. Except as expressly so admitted, Washington Mutual denies the allegations set forth in paragraph 16 of the Complaint.

17. Washington Mutual admits that during 2007 and 2008, in response to a request from Washington Mutual, Actuate provided support to Washington Mutual for software issues. Except as expressly so admitted, Washington Mutual denies the allegations set forth in paragraph 17 of the Complaint.

18. Washington Mutual admits that a number of Washington Mutual representatives have accessed the Actuate software and that additional persons have viewed documents generated in part or having some connection with the software. Except as expressly so admitted, Washington Mutual denies the allegations set forth in paragraph 18 of the Complaint.

19. Washington Mutual denies the allegations set forth in paragraph 19 of the Complaint.

### FIRST CAUSE OF ACTION

(Breach of Contract)

20. Washington Mutual hereby incorporates its response to paragraphs 1-19 above as if fully set forth herein.

21. Washington Mutual admits that the Purchase Authorization Letter is a writing which sets forth terms regarding a license to the Actuate software. Washington Mutual lacks information sufficient to admit or deny the allegations set forth in paragraph 21 of the Complaint as to the click-wrap license agreement, and therefore denies each and every such allegation. Except as expressly so admitted, Washington Mutual denies the allegations set forth in paragraph 21 of the Complaint.

22. Washington Mutual denies the allegations set forth in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint purports to quote a portion of the Purchase Authorization Letter, which document is the best evidence of what it sets forth. To the extent Actuate fails to accurately quote or represent the contents of the Purchase Authorization Letter, Washington Mutual denies such allegations.

24. Washington Mutual denies the allegations set forth in paragraph 24 of the Complaint.

25. Washington Mutual admits that a number of Washington Mutual representatives have accessed the Actuate software and that additional persons have viewed documents generated in part or having some connection with the software. Except as expressly so admitted, Washington Mutual denies the allegations set forth in paragraph 25 of the Complaint.

26. Washington Mutual denies the allegations set forth in paragraph 26 of the Complaint.

## SECOND CAUSE OF ACTION

(Copyright Infringement)

27. Washington Mutual hereby incorporates its response to paragraphs 1-26 above as if fully set forth herein.

28. Washington Mutual lacks information sufficient to admit or deny the allegations set forth in paragraph 28 of the Complaint and therefore denies each and every such allegation.

29. Washington Mutual denies the allegations set forth in paragraph 29 of the Complaint.

30. Washington Mutual denies the allegations set forth in paragraph 30 of the Complaint.

31. Washington Mutual denies the allegations set forth in paragraph 31 of the Complaint.

32. Washington Mutual denies the allegations set forth in paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Washington Mutual alleges as follows:

1. The Complaint, including each claim for relief pleaded therein, fails to state claims against Washington Mutual upon which relief can be granted.

2. The Complaint, including each claim for relief pleaded therein, is barred by Actuate's failure to perform its contractual obligations.

3. The first cause of action of the Complaint for breach of contract is barred, in whole or in part, on the ground that the terms of the contract as alleged by Actuate were not the product of a meeting of the minds.

4. The first cause of action of the Complaint for breach of contract is barred, in whole or in part, on the ground that the terms of the contract as alleged by Actuate are too indefinite and uncertain to constitute an enforceable contract.

5. The first cause of action of the Complaint for breach of contract is barred, in whole or in part, on the ground that the contract as alleged by Actuate was entered into under a mistake as to the underlying facts and is therefore rendered unenforceable.

6. The first cause of action of the Complaint for breach of contract is barred, in whole or in part, on the ground that the contract as alleged by Actuate contains a material latent ambiguity, not obvious at the time the contract was entered into.

7. The first cause of action of the Complaint for breach of contract is preempted and/or abrogated, in whole or in part, by the Federal Copyright Act, 17 U.S.C. § 101 *et seq*.

8. The Complaint, including each claim for relief pleaded therein, is barred, in whole or in part, based on the doctrine of copyright misuse.

9 The Complaint, including each claim for relief pleaded therein, is barred, in whole or in part, by the doctrine of fair use, including, without limitation, pursuant to 17 U.S.C. § 107.

10. The Complaint, including each claim for relief pleaded therein, is barred, in whole or in part, to the extent that Washington Mutual made additional copies and/or adaptations of the software pursuant to 17 U.S.C. § 117.

11. Actuate knew, should have known, and/or was fully advised concerning the matters alleged in the Complaint, and thus Actuate is precluded from asserting any such claims against Washington Mutual.

1  12. The Complaint, including each claim for relief pleaded therein, is barred by Actuate's own consent, conduct and/or wrongful acts.

2  13. The Complaint, including each claim for relief pleaded therein, is barred, in whole or in part, pursuant to 17 U.S.C. § 507.

3  14. The Complaint, including each claim for relief pleaded therein, is barred by the doctrine of waiver.

4  15. The Complaint, including each claim for relief pleaded therein, is barred by the doctrine of unclean hands.

5  16. The Complaint, including each claim for relief pleaded therein, is barred by the doctrine of estoppel.

6  17. The Complaint, including each claim for relief pleaded therein, is barred by the doctrine of laches and/or by Actuate's unreasonable delay in asserting its claims.

7  18. Actuate failed to act reasonably or to use due diligence to avoid, minimize and/or mitigate its alleged damages.

8  19. Washington Mutual reserves the right, upon completion of its discovery and investigation or otherwise, to assert such additional defenses as may be appropriate.

## **PRAYER**

**WHEREFORE**, Washington Mutual prays that a final judgment be entered in its favor and against Actuate on the Complaint, such that Actuate receives nothing and Washington Mutual receives its costs of suit and attorneys' fees incurred herein, plus all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Washington Mutual hereby demands trial by jury on the claims raised by the Complaint.

Dated: August 7, 2008    **HOWREY LLP**

By: /s/ Benjamin K. Riley
    Benjamin K. Riley

Attorneys for Defendant
WASHINGTON MUTUAL BANK