1   DANIEL J. BERGESON, Bar No. 105439
    dbergeson@be-law.com
2   HWAY-LING HSU, Bar No. 196178
    hhsu@be-law.com
3   BERGESON, LLP
    303 Almaden Boulevard, Suite 500
4   San Jose, CA 95110-2712
    Telephone:  (408) 291-6200
5   Facsimile:  (408) 297-6000

6   Attorneys for Plaintiff
    ACTUATE CORPORATION
7
    BENJAMIN K. RILEY, Bar No. 112007
8   rileyb@howrey.com
    JAYNE LAIPRASERT, Bar No. 256930
9   laiprasertj@howrey.com
    HOWREY LLP
10  525 Market Street
    Suite 3600
11  San Francisco, CA  94105-2708
    Telephone:  415.848.4950
12  Facsimile:  415.848.4999

13  Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A., AS
14  ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF
    WASHINGTON MUTUAL BANK
15

16                  UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                   SAN FRANCISCO DIVISION

19

20  ACTUATE CORPORATION, a Delaware          Case No.  C08-2918 SI
    corporation,
21
                           Plaintiff,        **STIPULATED PROTECTIVE ORDER**
22
          v.
23
    WASHINGTON MUTUAL BANK, a                Complaint Filed:    June 11, 2008
24  Washington corporation,                  Trial Date:         December 7, 2009

25                         Defendant.

26

27

28

STIPULATED PROTECTIVE ORDER
Case No.  C08-2918 SI

DM_US:22106720_1

1    **1.    PURPOSES AND LIMITATIONS**

2    Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

5    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

6    Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

7    all disclosures or responses to discovery and that the protection it affords extends only to the

8    limited information or items that are entitled under the applicable legal principles to treatment as

9    confidential.  The parties further acknowledge, as set forth in Section 10, below, that this

10   Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil

11   Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will

12   be applied when a party seeks permission from the court to file material under seal.

13   **2.    DEFINITIONS**

14   2.1   Party:  any party to this action, including all of its officers, directors,

15   employees, consultants, retained experts, and outside counsel (and their support staff).

16   2.2   Disclosure or Discovery Material: all items or information, regardless of the

17   medium or manner generated, stored, or maintained (including, among other things, testimony,

18   transcripts, or tangible things) that are produced or generated in disclosures or responses to

19   discovery in this matter.

20   2.3   "Confidential" Information or Items: information (regardless of how

21   generated, stored or maintained) or tangible things that qualify for protection under standards

22   developed under F.R.Civ.P. 26(c), including, but not limited to, proprietary information not

23   generally known to the public that contains sensitive financial, technical, or competitive

24   information, trade secrets, or current research and development that may harm the producing

25   party's business position if known by other parties, and the designating party would not disclose to

26   competitors or third parties within the ordinary course of business.

27   2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items:

28   extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-

DM_US:22106720_1

party would create a substantial risk of serious injury that could not be avoided by less restrictive means.  This includes, but is not limited to, competitively sensitive information, such as Actuate's pricing information  and Washington Mutual's customer information.

        2.5      <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

        2.6      <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

        2.7      <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

        2.8      <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

        2.9      <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

        2.10    <u>House Counsel</u>: attorneys who are employees of a Party.

        2.11    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

        2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

        2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

DM_US:22106720_1

**3.      SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.      DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

All obligations and duties arising under this Order shall survive the termination of this action.  This Court shall retain jurisdiction indefinitely with respect to any dispute regarding the improper use of designated confidential information, to modify the terms of this Order, or to enter further Orders respecting confidentiality, as may be necessary.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.1(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      <u>for information in documentary form</u> filed with the Court (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to at least the first page of any document that contains protected material.  For information in documentary form that is not filed with the Court but produced in discovery (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of any document that contains protected material.

DM_US:22106720_1

1    A Party or non-party that makes original documents or materials available for

2  inspection need not designate them for protection until after the inspecting Party has indicated

3  which material it would like copied and produced.  During the inspection and before the

4  designation, all of the material made available for inspection shall be deemed "HIGHLY

5  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

6  documents it wants copied and produced, the Producing Party must determine which documents,

7  or portions thereof, qualify for protection under this Order, then, before producing the specified

8  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

10  contains Protected Material.

11        (b)    for testimony given in deposition or in other pretrial or trial

12  proceedings, that deposition testimony shall presumptively be entitled to designation as

13  "CONFIDENTIAL".  The Party or non-party offering or sponsoring the testimony has the

14  opportunity to identify on the record, before the close of the deposition, hearing, or other

15  proceeding, all protected testimony, and further specify any portions of the testimony that qualify

16  for additional protection as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When

17  it is impractical to identify separately each portion of testimony that is entitled to the higher level

18  of protection, and when it appears that substantial portions of the testimony may qualify for such

19  protection, the Party or non-party that sponsors, offers, or gives the testimony may have up to 20

20  days after receiving the final deposition transcript to identify the specific portions of the testimony

21  as to which protection is sought and to specify the level of protection being asserted.  During the

22  pendency of the 20 day waiting period, the entire transcript is entitled to protection as

23  "CONFIDENTIAL."

24        Transcript pages containing specially Protected Material must be separately bound

25  by the court reporter, who must affix to the top of each such page the legend  "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party

27  offering or sponsoring the witness or presenting the testimony.  The parties may modify this

28

-4-
STIPULATED PROTECTIVE ORDER
Case No.  C08-2918 SI

DM_US:22106720_1

procedure for any particular deposition or proceeding by written or oral stipulation on the record, without further order of the court.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3     Inadvertent Failures to Designate. If a party inadvertently produces or provides discovery of any Confidential Information or Highly Confidential Information without designating, labeling or marking it with the appropriate legend as provided in this Order, the producing party may give written notice to the receiving party or parties that the document, or other information, response or testimony is confidential and should be treated in accordance with the provisions of this Order.  The receiving party or parties must treat such documents, information, responses and testimony as designated from the date that such notice is received. Disclosure of such documents, information, responses or testimony prior to receipt of such notice to persons not authorized to receive Confidential Information or Highly Confidential Information shall not be deemed a violation of this Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and must be treated in accordance with this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

DM_US:22106720_1

1           6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating

2    Party's confidentiality designation must do so in good faith and must begin the process by

3    conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

4    with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis

5    for its belief that the confidentiality designation was not proper and must give the Designating

6    Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

7    change in designation is offered, to explain the basis for the chosen designation.  A challenging

8    Party may proceed to the next stage of the challenge process only if it has engaged in this meet

9    and confer process first.

10           6.3     Judicial Intervention. A Party that elects to press a challenge to a

11    confidentiality designation after considering the justification offered by the Designating Party may

12    file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

13    applicable) that identifies the challenged material and sets forth in detail the basis for the

14    challenge.  Each such motion must be accompanied by a competent declaration that affirms that

15    the movant has complied with the meet and confer requirements imposed in the preceding

16    paragraph and that sets forth with specificity the justification for the confidentiality designation

17    that was given by the Designating Party in the meet and confer dialogue.

18           The burden of persuasion in any such challenge proceeding shall be on the

19    Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

20    material in question the level of protection to which it is entitled under the Producing Party's

21    designation.

22         **7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

23           7.1     Basic Principles. A Receiving Party may use Protected Material that is

24    disclosed or produced by another Party or by a non-party in connection with this case only for

25    prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

26    disclosed only to the categories of persons and under the conditions described in this Order.  When

27    the litigation has been terminated, a Receiving Party must comply with the provisions of section

28    11, below (FINAL DISPOSITION).

-6-
STIPULATED PROTECTIVE ORDER
Case No.  C08-2918 SI

DM_US:22106720_1

1    Protected Material must be stored and maintained by a Receiving Party at a

2  location and in a secure manner that ensures that access is limited to the persons authorized under

3  this Order.

4         7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

5  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

6  disclose any information or item designated CONFIDENTIAL only to:

7         (a)    the Receiving Party's Outside Counsel of record in this action, as

8  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

9  for this litigation;

10         (b)    the officers, directors, and employees (including House Counsel) of

11  the Receiving Party to whom disclosure is reasonably necessary for this litigation;

12         (c)    experts (as defined in this Order) of the Receiving Party to whom

13  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

14  Bound by Protective Order" (Exhibit A);

15         (d)    the Court and its personnel;

16         (e)    court reporters, their staffs, and professional vendors to whom

17  disclosure is reasonably necessary for this litigation

18         (f)    during their depositions, witnesses in the action to whom disclosure

19  is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that

20  reveal Protected Material must be separately bound by the court reporter and may not be disclosed

21  to anyone except as permitted under this Stipulated Protective Order.

22         (g)    the author of the document and any additional parties or individuals

23  who have been copied as recipients of the document, or the original source of the information.

24         7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25  ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the

26  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

27  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

28

DM_US:22106720_1

Case 3:08-cv-02918-SI Document 44 Filed 05/05/2009 Page 9 of 16

1              (a)     the Receiving Party's Outside Counsel of record in this action, as

2 well as employees of said Counsel to whom it is reasonably necessary to disclose the information

3 for this litigation;

4              (b)     Up to two Designated House Counsel of a Receiving Party to whom

5 disclosure is reasonably necessary for this litigation;

6              (c)     Experts (as defined in this Order) (1) to whom disclosure is

7 reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

8 Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4,

9 below, have been followed;

10            (d)     the Court and its personnel;

11            (e)     court reporters, their staffs, and professional vendors to whom

12 disclosure is reasonably necessary for this litigation and

13            (f)     the author of the document and any additional parties or individuals

14 who have been copied as recipients of the document, or the original source of the information.

15        7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

16 ATTORNEYS' EYES ONLY" Information or Items to "Experts"

17            (a)     Unless otherwise ordered by the court or agreed in writing by the

18 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

19 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

20 EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the

21 full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy

22 of the Expert's current resume, and (3) identifies the Expert's current employer(s), (4) identifies

23 each person or entity from whom the Expert has received compensation for work in his or her

24 areas of expertise or to whom the expert has provided professional services at any time during the

25 preceding five years, and (5) identifies (by name and number of the case, filing date, and location

26 of court) any litigation in connection with which the Expert has provided any professional services

27 during the preceding five years.

28            (b)     A Party that makes a request and provides the information specified

DM_US:22106720_1

1   in the preceding paragraph may disclose the subject Protected Material to the identified Expert

2   unless, within seven court days of delivering the request, the Party receives a written objection

3   from the Designating Party.  Any such objection must set forth in detail the grounds on which it is

4   based.

5                           (c)      A Party that receives a timely written objection must meet and

6   confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

7   matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the

8   Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

9   Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must

10  describe the circumstances with specificity, set forth in detail the reasons for which the disclosure

11  to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

12  suggest any additional means that might be used to reduce that risk.  In addition, any such motion

13  must be accompanied by a competent declaration in which the movant describes the parties'

14  efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

15  discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve

16  the disclosure.

17          In any such proceeding the Party opposing disclosure to the Expert shall bear the

18  burden of proving that the risk of harm that the disclosure would entail (under the safeguards

19  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

20      **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

21

22          If a Receiving Party is served with a subpoena or an order issued in other litigation that

23  would compel disclosure of any information or items designated in this action as

    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

24  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

25  and in no event more than three court days after receiving the subpoena or order. Such notification

26  must include a copy of the subpoena or court order.

27          The Receiving Party also must immediately inform in writing the Party who caused the

28

DM_US:22106720_1

1   subpoena or order to issue in the other litigation that some or all the material covered by the

2   subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

3   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

4   caused the subpoena or order to issue.

5        The purpose of imposing these duties is to alert the interested parties to the existence of

6   this Protective Order and to afford the Designating Party in this case an opportunity to try to

7   protect its confidentiality interests in the court from which the subpoena or order issued.  The

8   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

9   confidential material – and nothing in these provisions should be construed as authorizing or

10   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11       **9.**     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

13   Material to any person or in any circumstance not authorized under this Stipulated Protective

14   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

15   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

16   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

17   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

18   Be Bound" that is attached hereto as Exhibit A.

19       **10.**    **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

20        If a party through inadvertence produces or provides discovery that it believes is subject to

21   a claim of attorney-client privilege or work product immunity, the producing party may give

22   written notice to the receiving party or parties that the document is subject to a claim of attorney-

23   client privilege or work product immunity and request that the document be returned to the

24   producing party.  The inadvertent disclosure of information shall not constitute a waiver of

25   attorney-client privilege or work-product immunity.  The receiving party or parties shall return to

26   the producing party such document.  Return of the document by the receiving party shall not

27   constitute an admission or concession, or permit any inference, that the returned document is, in

28

-10-
STIPULATED PROTECTIVE ORDER
Case No.  C08-2918 SI

fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document has been improperly designated or should be produced for other reasons than a waiver caused by the inadvertent production.  The misdesignation of information shall not, in any way, affect the Court's determination as to whether or not the information is entitled to the requested status.

## 11.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 12.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, notes or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

1    **13.    MISCELLANEOUS**

2           13.1    Right to Further Relief. Nothing in this Order abridges the right of any

3    person to seek its modification by the Court in the future.

4           13.2    Right to Assert Other Objections. By stipulating to the entry of this

5    Protective Order no Party waives any right it otherwise would have to object to disclosing or

6    producing any information or item on any ground not addressed in this Stipulated Protective

7    Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

8    the material covered by this Protective Order.

9           13.3    Modification. No part of the restrictions imposed by this Order may be

10   waived or terminated, except by the written stipulation executed by counsel of record for each

11   party, or by an order of the Court for good cause shown. The restrictions provided herein shall not

12   terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court.

13   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

14          Dated:  April 30, 2009                    BERGESON, LLP

15

16

17                                                    By: ___/s/ *Hway-Ling Hsu*_____
                                                          Hway-ling Hsu

18
                                                      Attorneys for Plaintiff
19                                                    ACTUATE CORPORATION

20

21          Dated:  April 30, 2009                    HOWREY LLP

22

23                                                    By: ___/s/ *Jayne Laiprasert*_____
                                                          Jayne Laiprasert

24

25                                                    Attorneys for Defendant
                                                      JPMORGAN CHASE BANK, N.A., AS
26                                                    ACQUIRER OF CERTAIN ASSETS AND
                                                      LIABILITIES OF WASHINGTON
27                                                    MUTUAL BANK

28

-12-
STIPULATED PROTECTIVE ORDER
Case No.  C08-2918 SI

DM_US:22106720_1

1      **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3      DATED: _____, 2009

                                          Hon. Judge Susan Illston
4                                            United States District Judge

STIPULATED PROTECTIVE ORDER
Case No.  C08-2918 SI

DM_US:22106720_1

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____,

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California on _____ in the case of *Actuate Corporation vs. Washington Mutual Bank*,

Case Number C08-2918 SI, United States District Court for the Northern District of California.  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____ [signature]

DM_US:22106720_1

**CERTIFICATION BY JAYNE LAIPRASERT PURSUANT TO GENERAL RULE NO. 45, SECTION X. RE E-FILING ON BEHALF OF MULTIPLE SIGNATORIES**

1.  I am an attorney licensed to practice law in the State of California, and am an associate with the law firm of Howrey LLP, counsel for Defendant JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank. The statements herein are made on my personal knowledge, and if called as a witness I could and would testify thereto.

2.  The above e-filed document contains multiple signatures. I declare that concurrence has been obtained from each of the other signatories to file this jointly prepared document with the Court. Pursuant to General Rule No. 45, I shall maintain records to support this concurrence for subsequent production for the Court if so ordered, or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct on April 30, 2009.


                                        */s/ Jayne Laiprasert*
                                        Jayne Laiprasert

-15-
STIPULATED PROTECTIVE ORDER
Case No. C08-2918 SI

DM_US:22106720_1